William R. Brennan, Jr., J.
The defendant, Long Island Lighting Company (LILCO) moves to dismiss the complaint under CPLR 3211 (subd. [a], par. 1 [defense founded upon documentary evidence]; par. 2 [lack of jurisdiction of subject matter] ; par. 7 [failure to state a cause of action]) and subd. (c). The complaint contains three causes of action. The first alleges that LILCO is engaged in constructing a 30-inch, 350 p.s.i.g. (pounds per square inch gauge) transmission line through the plaintiff village, which line is a segment of a system designed to transmit natural gas from facilities in New Jersey to points on Long Island; that LILCO failed to file an application for authority for new construction and to obtain a certificate of permission and approval from the Public Service Commission and that the construction is, therefore, illegal.
The second cause of action incorporates the first and then claims that LILCO made false and fraudulent representations to the village to the effect that (a) the commission had granted permission and approval for the route and installation; (b) that LILCO was going to install a 30-inch gas main in the village to be used primarily for local gas service; (c) that the village was required by law to co-operate in construction of the high pressure *404 gas transmission line because the commission had foreclosed objection to installation; (d) that the line would be installed in accordance with route and construction drawings submitted to the village; and (e) that the installation would comply with the requirements of law and meet engineering standards imposed by law and regulations applicable thereto. The falsity of the representations, scienter, and reliance are then alleged.
The third cause of action incorporates the first two in their entirety and then avers revocation in November, 1967, of the street-opening permit theretofore granted; continuance of the work nonetheless; and that the installation is illegal, made without proper consent of the commission and village, does not conform to sound engineering standards, and constitutes a nuisance.
The relief sought is an injunction enjoining use of the line to convey or transmit natural gas. On January 9, 1968, a motion for an injunction pendente lite herein was denied. Notice of the instant motion was given while the motion for temporary relief was pending.
Following the adoption of orders on July 13,1966, and October 25, 1966, whereby the commission approved construction of the high-pressure gas pipeline, a number of requests for reconsideration was received from interested parties and municipalities along the proposed route of the pipeline. The commission scheduled public hearings which were held over a period of four days and at which some 870 pages of testimony were transcribed and 18 exhibits received in evidence (Commission Decision approved Dec. 12,1967, pp. 4, 5). Appearances were noted by the County Attorney, the City of Long Beach, the Nassau County Planning Commissi on, the Town of Hempstead, the present attorney for the plaintiffs in behalf of a group known as “ Home Owners for Pipe Elimination ”, the local State Senator, and a number of other interested organizations and citizens. There was also an appearance at the hearing by the plaintiff and a statement submitted in its behalf by the Mayor.
The hearing resulted in the aforesaid decision confirming the commission’s earlier orders and determining that LILCO’s choice of route was reasonable. So far as appears, no review of the commission’s determination has been sought.
The attack on the first cause of action must be sustained. The commission itself has stated that its uniform and consistent practice under the applicable statute (Public Service Law, §§ 2, 68) has been to require approval only at the time of initial construction of gas facilities in a franchise area. “ All later additions and extensions to such a plant within the franchise area come *405 within the initial authorization and no further application under Section 68 is necessary ” (Commission Decision, Dec. 12, 1967, p. 15). “ In this area the courts accept the construction of the administrative officer or agency if it has ' ‘ ‘ warrant in the record ” and a reasonable basis in law ’ ” (Matter of Going v. Kennedy, 5 A D 2d 173, 175, and authorities there cited). The record here is ample that the commission, acting within its powers and expertise, has after full inquiry given its imprimatur to the construction and routing of the gas line.
The plaintiff faces another difficulty. Having participated in the hearings and not having there urged the illegality it now asserts, its review of the ensuing decision of the commission should have been by an article 78 proceeding. In the present litigation the commission whose determination is under attack is not even a party. (See New York State Elec. & Gas Corp. v. Maltbie, 266 N. Y. 521, affg. 241 App. Div. 780, dismissing utility’s action for injunction on ground the plaintiff’s remedy was to review order complained of by certiorari.)
The second cause of action lacks merit. Insofar as it rests upon alleged misrepresentations of law, it impugns the ability, if not the integrity, of the village’s own counsel. The disposition of the first cause of action is sufficient answer to the claimed misrepresentation as to the granting of authority by the commission. Claims as to misrepresentation as to the pipe line’s installation, size and function are belied by the correspondence and documents before the court, and the fact that the Village Engineer was supplied with route drawings and specifications prior to village action. To say the village had to co-operate by issuing a street opening permit under the circumstances of the case (Matter of Long Is. Light. Co. v. Incorporated Vil. of South Floral Park, 158 N. Y. S. 2d 878; Matter of Long Is. Light. Co. v. Incorporated Vil. of Island Park, N. Y. L. J., April 12, 1967, p. 21, col. 7, affd. 28 A D 2d 822) is not only accurate, but the village did more than concur by issuing the permit; it even granted an easement over village lands for the line. The village cannot claim reliance upon the defendant’s representations in any of the foregoing matters since independent verification of each thereof was available from the public records and from the information supplied by the defendant.
The allegations that the defendant falsely represented that the installation would accord with route drawings and construction drawings submitted to the village and that the installation would comply with requirements of law and standards embodied in such law and rules and regulations thereunder and that these representations have not been fulfilled relate to promissory rep *406 resentations to make the installation properly and lawfully. If there has been a violation in these respects, the remedy lies in the first instance in an application to the Public Service Commission for relief (cf. Public Service Law, §§ 67, 73 and 74).
The third cause of action rests upon the revocation by plaintiff of its street-opening permit in November, 1967, and asserts that the installation of the line under the village’s streets is illegal, that it is unsafe and fails to conform to sound engineering standards, and that it constitutes a nuisance.
As noted by Mr. Justice Albert in denying the motion for a preliminary injunction in this case, the street openings within the village have been completed and it is questionable whether the purported revocation of the permit has any legal validity. Also, as he there stated, the question of whether defendant’s construction is sound from an engineering standpoint and whether the route represents an unnecessary hazard are issues to be determined in the first instance by the commission, subject to ensuing judicial review (N. Y. L. J., Jan. 18, 1968, p. 18, cols. 3-5). Reference has already been made herein to the commission’s jurisdiction in this context. This course was recognized by the Mayor of the village when at its October, 1967 hearings he said in his statement, “We further urge that if the line is allowed to be installed and used, that the Commission require periodic and adequate hydrostatic testing of this pipe and that such other precautions be required [by the Commission] as will minimize danger as far as reasonably possible.”
Accordingly, the complaint is dismissed, without costs, and without prejudice to such proceedings before the Public Service Commission as the plaintiff may be advised.