Harold E. Koreman, J.
Two separate proceedings are brought pursuant to article 78 of the CPLR to review and annul determinations made by respondent Public Service Commission approving construction by respondent Long Island Lighting Company (LILCO) of a high-pressure gas pipeline extending some 13 miles through Nassau County. Respondents have filed answers and seek dismissal of the petitions on the ground that the allegations therein do not entitle petitioners to the relief sought.
The original orders of approval were made on July 13, 1966 and October 26, 1966. Following the denial by the commission of a number of requests for reconsideration of these orders made by various interested parties and municipalities along the proposed route of the pipeline, public hearings were scheduled and conducted over a period of 4 days commencing October 26, 1967. It appears that the commission held public hearings in the matter because of continued alarm at the prospect of the proposed pipeline and to afford all interested parties an opportunity to substantiate their complaints and contentions. The commission sought to determine at the public hearings whether there was any basis or warrant for reconsideration of its original orders of approval, and it concluded by order, dated December 12, 1967, that there was no evidence adduced at *1099 the hearings which called for a reconsideration of the original determination. The petitioner Village of Rockville Centre thereafter instituted an action in Supreme Court for a permanent injunction against the Long Island Lighting Company in which it sought to enjoin the use of the pipeline to convey or transmit natural gas. Mr. Justice Albert refused to grant an injunction pendente lite in that action (Village of Rockville Centre v. Long Is. Light. Co., N. Y. L. J., Jan. 18, 1968, p. 18, col. 3), and the complaint was thereafter dismissed for legal insufficiency by Mr. Justice Brennan (Village of Rockville Centre v. Long Is. Light. Co., 56 Misc 2d 403). The allegations of the petitions in this proceeding embody the same contentions raised in the Nassau County action. In substance petitioners maintain that the commission should not have approved the construction of the pipeline in question because LILCO failed to obtain approval of the commission pursuant to section 68 of the Public Service Law before commencing the construction; that neither of the respondents gave sufficient consideration to the possible existence of alternate routes for the pipeline which might have avoided, to some degree, close proximity to densely populated areas; that the pipeline was constructed in an unsafe manner.
As to the claim that approval of the commission was required under section 68 of the Public Service Law, prior to installation of the pipeline, it appears that the commission determined, following the afore-mentioned public hearings, that section 68 has been uniformly and consistently interpreted as requiring commission approval only at the time of initial construction of gas facilities in a franchise area, and that all later additions and extensions to such a plant within the franchise area come within the initial authorization and no further application under section 68 is necessary. The pipeline involved here is a portion of LILCO’s gas plant in its franchise area. The courts will accept the uniform and consistent practice of the administrative agency or officer in the construction of an applicable statute if it has 1 ‘ ‘ warrant in the record ’ and a reasonable basis in law (Matter of Going v. Kennedy, 5 A D 2d 173, 175 and cases cited therein; Village of Rockville Centre v. Long Is. Light. Co., supra). In dismissing the action for a permanent injunction, Mr. Justice Brennan considered the same claim of illegality that is raised here and stated (p. 405): “ The record here is ample that the commission, acting within its powers and expertise, has after full inquiry given its imprimatur to the construction and routing of the gas line ”. Petitioners have not demonstrated any basis for arriving at any other or different conclusion in the applications before me.
*1100 The claim of petitioners that alternate routes were not considered is not supported by the record. Following the public hearings, the commission decided that the selection of a particular route for a gas pipeline is a function which the law has left primarily to the discretion of the utility’s management, subject to review by the commission, and that such review is limited to a determination of whether the utility’s determinations are reasonable. The commission concluded, after extensive testimony on this subject, that under all the circumstances the company’s choice of route was not unreasonable and that nothing was submitted to prompt reconsideration of the commission’s original approval in this matter. The question of whether the route adopted by the public service corporation represents an unnecessary hazard to life or property and the question of whether the construction is sound from an engineering standpoint are issues to be determined in the first instance by the Public Service Commission (City of Troy v. United Traction Co., 202 N. Y. 333; Village of Rockville Centre v. Long Is. Light Co., N. Y. L. J., Jan. 18, 1968, p. 18, col. 3, and 56 Misc 2d 403). While the determinations of the commission are subject to review by the courts, absent a showing that the commission lacked jurisdiction in the matter, or that its determination was without basis in law and unsupported by the facts, such determinations will not be disturbed by the courts. Petitioners have made no such showing of illegality or arbitrariness, and it is noted in this connection that petitioner Village of Rockville Centre actually participated in the selection of the route and issued the necessary permits and easements to install the pipeline. Accordingly, the petitions are dismissed.