▇ In the Matter of VILLAGE OF ROCKVILLE CENTRE, Appellant, v. PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.— REYNOLDS, J. Appeal from an order and judgment of the Supreme Court, Albany County, dismissing a petition brought by appellant, pursuant to article 78 of the CPLR, to review orders and determinations of the Public Service Commission approving construction by respondent Long Island Lighting Company of a high pressure gas pipeline through some 13 miles of Nassau County including the appellant Village of Rockville Centre. Appellant attacks the Public Service Commission determinations both legally and factually on the grounds that (1) approval pursuant to section 68 of the Public Service Law was not obtained from respondent Public Service Commission for the construction, installation, or use of the pipeline, (2) the respondent Public Service Commission failed to enforce its own rules (see 16 NYCRR 255.11 *et seq.*), (3) the respondent Public Service Commission proceeded without sufficient and required information before it, (4) the respondent Public Service Commission failed to consider alternate routes for the pipeline, (5) the Public Service Commission had proceeded without observing essential elements of due process and (6) specifically the respondent Public Service Commission precluded the petitioner from introducing evidence of alternate routes at the October, 1967 hearings. We concur in Special Term's upholding the Commission's interpretation of section 68 (*Matter of Going* v. *Kennedy,* 5 A D 2d 173; see, also, *Fulton Light, Heat & Power Co.* v. *Seneca Riv. Power Co.,* 123 Misc. 585) and similarly uphold the Commission's interpretation of its own rules. As to the additional issues raised, it is abundantly clear from the record that the commission had sufficiently adequate information from an engineering standpoint upon which to base its decision, that it carefully considered the possibility of alternative routes and that appellant was afforded an adequate opportunity to present its position and contentions at the October, 1967 hearings. Accordingly, we cannot say that the commission's decisions were arbitrary or capricious and they must, therefore, be affirmed. We would also note, as did Special Term, that, although it now complains after the construction has been completed, appellant, in fact, participated in the selection of the very route involved and also issued the necessary permits and easements to effect installation. Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J. [56 Misc 2d 1098.]