■ SIDNEY SMITH, Appellant, v. MURIEL L. STEINBERG, Respondent. (Action No. 1.) SIDNEY SMITH et al., Appellants, v. IDA HABER, Respondent. (Action No. 2.) — Order of the Supreme Court, Nassau County, dated May 20, 1968, affirmed, with $10 costs and disbursements to respondent Steinberg against appellants. No opinion. Christ, Acting P. J., Rabin and Munder, JJ., concur; Hopkins and Martuscello, JJ., are constrained to concur, although they adhere to the views expressed in the dissent of Mr. Justice HOPKINS in *Korn* v. *Duhl* (22 A D 2d 793).

■ VILLAGE OF ROCKVILLE CENTRE, Appellant, v. LONG ISLAND LIGHTING COMPANY, Respondent.— Appeal by plaintiff from an order of the Supreme Court, Nassau County, dated January 9, 1968, which denied its motion for a preliminary injunction. Appeal ordered off the calendar, with leave to both parties to move to restore the appeal to the calendar for hearing or submission in conjunction with the separate appeal from the judgment entered upon the dismissal of the complaint. It appears that the complaint has been dismissed on defendant's motion (*Village of Rockville Centre* v. *Long Is. Light Co.*, 56 Misc 2d 403). While plaintiff has served a notice of appeal from the judgment of dismissal, that appeal has not been prosecuted. Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur.

## THIRD DEPARTMENT, JANUARY, 1969

### (January 3, 1969.)

■ In the Matter of COMMON COUNCIL OF THE CITY OF GLOVERSVILLE, Petitioner, v. TOWN BOARD OF THE TOWN OF JOHNSTOWN, Respondent, and UNION FREE SCHOOL DISTRICT NO. 18 OF THE TOWN OF JOHNSTOWN, Intervenor-Respondent.— Application by petitioner pursuant to section 712 of the General Municipal Law to confirm report of Referees and for judgment (1) that the proposed annexation of certain territory in the Town of Johnstown to the City of Gloversville is in the over-all public interest and (2) that the territory be annexed without the necessity of calling a special election pursuant to section 713 of the General Municipal Law. Application granted, without costs. There is no opposition to petitioner's application. We approve and confirm the Referees' report, findings and conclusion and determine that the proposed annexation is in the over-all public interest. The territory here involved, being uninhabited, may be annexed without compliance with section 713 of the General Municipal Law. (See *Matter of Common Council of City of Middletown* v. *Town Bd. of Town of Wallkill*, 29 A D 2d 561.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.