█ In the Matter of COUNTY OF NASSAU, Respondent, v. JAMES A. LUNDY et al., Constituting the Public Service Commission of the State of New York, Appellants. LONG ISLAND LIGHTING COMPANY, Intervenor-Appellant.— GIBSON, P. J. Appeal from a judgment of the Supreme Court entered in a proceeding brought under CPLR article 78 to review a determination of the Public Service Commission. By orders of July 13, 1966 and October 25, 1966, the commission approved the installation by Long Island Lighting Company, the present intervenor-appellant, of a high-pressure gas pipeline extending for a distance of some 13 miles in Nassau County. These orders were reviewed in separate article 78 proceedings instituted by the Town of Hempstead and the Village of Rockville Centre with the result that the determinations were confirmed and the petitions dismissed. (*Matter of Village of Rockville Centre* v. *Public Serv. Comm.*, 56 Misc 2d 1098, affd. 30 A D 2d 1013*, mot. for lv. to app. den. 23 N Y 2d 645.) In our memorandum decision we outlined the issues tendered, stating: " Appellant attacks the Public Service Commission determinations both legally and factually on the grounds that (1) approval pursuant to section 68 of the Public Service Law was not obtained from respondent Public Service Commission for the construction, installation, or use of the pipeline, (2) the respondent Public Service Commission failed to enforce its own rules (see 16 NYCRR 255.11 *et seq.*), (3) the respondent Public Service Commission proceeded without sufficient and required information before it, (4) the respondent Public Service Commission failed to consider alternate routes for the pipeline, (5) the Public Service Commission had proceeded without observing essential

---

* An appeal taken in the *Town of Hempstead* proceeding has not been prosecuted.

elements of due process and (6) specifically the respondent Public Service Commission precluded the petitioner from introducing evidence of alternate routes at the October, 1967 hearings." We found against the petitioners-appellants with respect to each of their contentions. Although the work of installation had gone forward following the commission's approval and was substantially completed in October, 1967, the commission in response to a number of requests held extended public hearings for the purpose, as stated in its order, made October 10, 1967, " of considering the various petitions and requests for reopening and reconsideration of the commission's orders of July 13, 1966 and October 25, 1966." We find no reason to reject the statements in the commission's brief that these hearings were not to consider *de novo* the utility's application and did not constitute a rehearing or reconsideration but were to afford opportunity to objectors to factually substantiate their objections and thus enable the commission to decide whether its determinations should be reopened and re-examined. The hearings were held and were eventually concluded, over objection. This proceeding is to review the determination whereby the hearings were thus terminated. Special Term held with petitioner; and its order, now before us, remitted the matter to the commission "for a continuation of the public hearing, previously had on October 27, 28, 30 and 31 [actually October 26, 27, 30 and 31], 1967, for the purpose of: (1) taking testimony relevant to the safety of the route of the high pressure gas transmission pipe line of the Intervenor-Respondent, (2) taking testimony relevant to the safety of alternate routes for said high pressure gas transmission pipe line, and (3) permitting cross examination on the question of the safety of the pipe line route and of alternate routes ". It is noted that the pipeline has been in operation for some time and that, at an early stage of the planning, petitioner county was notified of the nature of the pipeline and of the proposed route and although requested to notify the utility of any objections, failed to do so until a long time thereafter, and meanwhile issued such street-opening permits as were required to progress and complete the installation. Our decision in *Rockville Centre* (*supra*) approved the commission's construction of the applicable statute, and its interpretation of its own rules as conferring upon it substantially less authority than the appellant village and the present respondent county would concede to it; but we fully examined the merits of appellant's contentions nevertheless and found it " abundantly clear from the record that the commission had sufficiently adequate information from an engineering standpoint upon which to base its decision [and] that it carefully considered the possibility of alternative routes ". (30 A D 2d 1013.) The hearings to which the present proceeding is addressed were extensive and a record of 870 pages was compiled. Obviously, the record of the prior proceeding was also available to the present petitioner-respondent, which, despite its present protestations, introduced extensive testimony as to alternate routes and was permitted to cross-examine the utility's witness concerning them. Having failed to make even a threshold showing that the route is unsafe — and even now advancing no such claim — and having failed, also, to demonstrate error in the previous administrative and judicial determinations of the merits, petitioner has no reasonable ground for complaint that it was not permitted to prolong the hearings further; with no indication that further accretions to the massive record then and previously compiled would turn up evidence which petitioner itself could not, through expert proof or otherwise, adduce, and which might then warrant the commission's reopening and redetermining the issues. Thus, we find unwarranted the Special Term's remand for either of the first two items specified in its order. As respects the third, it is only necessary to note that the hearings were not of the

adjudicatory nature that confer an unrestricted right of cross-examination. (See *Matter of O'Brien* v. *Commissioner of Educ. of State of N. Y.*, 4 N Y 2d 140, 145, mot. for rearg. den. 6 N Y 2d 882, cert. den. *sub nom. Murphy* v. *Commissioner of Educ. of N. Y.*, 361 U. S. 117.) The appeal is properly before us; whether taken as of right or by permission. (CPLR 5701; and see *Matter of Busking* v. *Kronimus*, 22 A D 2d 888.) Judgment reversed, on the law and the facts, and petition dismissed, with costs. Gibson, P. J., Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Gibson, P. J.